UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x
MIRTHA LORENZO, IRENE RIVERA,

              Plaintiffs,

   -against-

ST. LUKE'S-ROOSEVELT HOSPITAL
CENTER,

             Defendant.
-----------------------------------------------------x

**COMPLAINT**
**JURY DEMAND**

09 2277

GLEESON, J.

## I. NATURE OF ACTION

1. This case involves discrimination in employment based upon race and retaliation for participating in protected activity. Both plaintiffs charge that defendant discriminated against them in the terms and conditions of their employment on account of their age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et. seq.* ("ADEA") . Plaintiff Mirtha Lorenzo charges that defendant retaliated against her for participating in protected activity in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.* ("Title VII"). Both plaintiffs assert pendent State claims for age discrimination under New York State Executive Law § 296 *et. seq.* Ms. Lorenzo, in addition, asserts a claim for retaliation under New York State Executive Law § 296 *et. seq.*

## II. JURISDICTION

2. Jurisdiction is conferred upon this court by 29 U.S.C. § 1343(a), 28 U.S.C. §§ 2201 and 2202. Plaintiffs invoke the pendent jurisdiction of the court to adjudicate claims arising under State Law.

### III. PARTIES

3. Plaintiff Mirtha Lorenzo is age fifty-nine and a citizen of the United States.

4. Plaintiff Irene Rivera is age sixty-one and a citizen of the United States.

5. Defendant St. Luke's-Roosevelt Hospital Medical Center ("St. Luke's-Roosevelt"), upon information and belief, is a domestic corporation engaged in the business of providing medical services to the public.

### IV. STATEMENT OF CLAIMS

6. Plaintiff Mirtha Lorenzo (" Ms. Lorenzo") commenced employment with St. Luke's-Roosevelt in the Accounting Department in May 1971. In 1987, she was assigned to the Obstetrics and Gynecology Administration Department.

7. At all times mentioned herein, she performed her duties and responsibilities in a satisfactory manner.

8. In 1999, Ms. Lorenzo was promoted to the position of Ob/Gyn Supervisor. Her responsibilities in this position include bookkeeping, accounting, making service calls, and ordering office and medical supplies.

9. In addition to her other duties and responsibilities, as Ob/Gyn Supervisor, Ms. Lorenzo was responsible for supervising four members of the clerical staff.

10. Plaintiff Irene Rivera ("Ms. Rivera") commenced employment at St. Luke's-Roosevelt in September 1986 in the position of Medical Staff Coordinator in the Department of Obstetrics/Gynecology.

11. In October 2002, Ms. Rivera was promoted to the position of Medical Staff Coordinator. Her principal duties and responsibilities in this title were verifying that physicians at the hospital had proper credentials and had completed appropriate

documentation to maintain their privileges. Ms. Rivera also was responsible for providing orientation to full time faculty and the volunteer staff.

12. At all times mentioned herein, Ms. Rivera performed her duties and responsibilities in a satisfactory manner.

13. Since being employed by St. Luke's-Roosevelt, both Ms. Lorenzo and Ms. Rivera have been subjected to discrimination in employment on account of their age in the terms and conditions of their employment.

14. St. Luke's-Roosevelt pursues a policy and practice of discriminating against its older employees. Specifically, it has a custom and practice of coercing the resignation of its older employee by progressively reducing their job responsibilities, reassigning them to menial tasks, and then giving them negative performance evaluations.

15. St. Luke's-Roosevelt pursues a policy and practice of retaliating against employees who complain about discrimination in the workplace.

16. In April 2008, Ms. Lorenzo, complained to St. Lukes-Roosevelt administration that Sarah Crique, Director of Faculty Practice, made a discriminatory remark about her staff. Referring to Ms. Lorenzo's clerical staff, Ms. Crique had said "what is the deal with all these immigrants with names ending in k's.

17. Upon returning from vacation in June 2008, Ms. Lorenzo discovered that a number of her responsibilities were transferred two employees in their 20s, Juan Montalvo and Sabina Sujkovic .

18. Ms. Sujkovic was hired as a secretary and Ms. Lorenzo had been directed to train her in ordering medical supplies.

19. Mr. Montalvo, a newly hired employee, was moved into Ms. Lorenzo's office.

3

20. In July 2008, Ms. Lorenzo was moved from her office to a desk located in the reception area where she was assigned to answer the telephone.

21. Ms. Lorenzo was not permitted to move her file cabinets near to her work area.

22. In July 2008, Ms. Lorenzo was given an unfavorable performance evaluation. All of Ms. Lorenzo's performance evaluations prior to July 2008 were graded "exceeds expectation."

23. In June 2008, Ms. Lorenzo was told that her granddaughter would no longer be permitted spend time with her in the office. Other staff members were permitted to have their children stay in the office during working hours.

24. In or about July 2008, Ms. Lorenzo's work hours were changed from 10 a.m. to 6 p.m. to 9 a.m. to 5 p.m. She was assigned to the same work schedule as that of the secretarial staff.

25. In September 2008, Ms. Lorenzo was not given a merit increase. Prior to September 2008, Ms. Lorenzo would always receive merit increases.

26. In or about July 2008, Ms. Lorenzo was directed by her supervisor to coordinate her vacations, days off, and personal days with the secretarial staff.

27. In June 2008, Ms. Rivera was informed by her supervisor Paul Orbe, Assistant Administrator, that her duties and responsibilities were being transferred to a younger employee, Dajane Babic.

28. Ms. Babic, who is twenty-seven, was assigned the responsibility of insuring that doctors at St. Luke's-Roosevelt have proper credentials and that they submit

appropriate documentation for renewing their privileges. These were duties that were previously assigned to Ms. Rivera.

29. Ms. Babic formerly worked in the department as an Administrative Assistant.

30. Soon after Ms. Rivera's duties were taken away she was reassigned to a desk in the reception area to do filing and answering the telephone.

31 When Ms. Rivera requested a written job description, Mr. Orbe told her that she had to wait until her next performance evaluation.

32. In September 2008, Ms. Rivera was not given a merit increase. Prior to September 2008 Ms. Rivera would always receive merit increases.

33. On or about August 14, 2008, Ms. Lorenzo filed a charge of employment discrimination with the Equal Employment Commission ("E E.O.C.")

34. On or about August 28, 2009, Ms. Rivera filed a charge of employment discrimination with the E.E.O.C.

35. On March 3, 2009, the EEOC issued to Ms. Lorenzo a Notice-of-Dismissal-and- Right-To-Sue.

36. On March 4, 2009, the E.E.O.C. issued to Ms. Rivera a Notice-of-Dismissal-and-Right-To-Sue.

37. Ms. Lorenzo and Ms. Rivera have commenced this action within ninety days from the issuance of the Notice-of-Dismissal-and-Right-to-Sue.

## V. FIRST CLAIM FOR RELIEF

38. The matters set forth in paragraphs 1 through 37 are hereby repeated.

39. All of the adverse actions taken against Ms. Lorenzo, as described above, were taken against her on account of her age, in violation of the ADEA.

40. All of the adverse actions taken against Ms. Rivera, as described above, were taken against her on account of her age, in violation of the ADEA.

41. As a consequence of the defendant's discriminatory conduct in violation of the ADEA, each plaintiff suffered extreme emotional distress and mental anguish, and each was damaged in the amount of $5,000,000.00.

42. Insofar as defendant's discriminatory conduct as described above was intentional, and in reckless disregard of plaintiffs' civil rights, each plaintiff is entitled to treble damages.

## VI. SECOND CLAIM FOR RELIEF

43. The matters in paragraphs 1 through 37 are repeated.

44. All of the adverse actions described above that were taken against Ms. Lorenzo, were taken in retaliation for her engagement in protected activity.

45 Defendant's retaliatory conduct against Ms. Lorenzo was in violation of Title VII.

46. As a consequence of defendant's retaliatory conduct in violation of Title VII, Ms. Lorenzo suffered extreme emotional distress and mental anguish and was damaged in the amount of $5,000,000.00.

47. Insofar as defendant's conduct was intentional and in reckless disregard of Ms. Lorenzo's civil rights she is further entitled to punitive damages.

## VII. THIRD CLAIM FOR RELIEF

48. The matters in paragraph 1 through 37 are repeated.

49. All of the adverse action taken against Ms. Lorenzo and Mr. Rivera were taken on account of their age in violation of New York Executive Law § 296 *et. seq.*

50. As a consequence of defendant's discriminatory conduct in violation of New York Executive Law § 296 *et. seq.*, each plaintiff suffered extreme mental distress and emotional anguish, and each was damaged in the amount of $5,000,000.00.

## VIII. FOURTH CLAIM FOR RELIEF

51. The matters in paragraph 1 through 37 are repeated.

52. All of the adverse actions taken against Ms. Lorenzo, as described above, were taken in retaliation because of her engagement in protected activity, in violation of New York Executive Law § 296 *et seq.*.

53. As a consequence of defendant's retaliatory conduct in violation of New York Executive Law § 296 *et. seq.*, Ms. Lorenzo suffered extreme emotional distress and mental anguish and was damaged in the amount of $5,000,000.00.

## IX. JURY DEMAND

54. Plaintiffs request that all issues in this action be tried before a jury.

WHEREFORE, each plaintiff in this action demands judgment in her favor and against the defendant on her First Claim for relief in the amount of $5,000,000.00, plus treble damages, and reasonable attorney fees; plaintiff Mirtha Lorenzo demands judgment in her favor and against the defendant on her Second claim for relief in the amount of $5,000,000.00, together with punitive damages; each plaintiff demands judgment in her favor and against the defendant in her Third Claim for Relief in the

7

amount of $5,000,000.00, plaintiff Mirtha Lorenzo demands judgment on her Fourth Claim for Relief in the amount of $5,000,000.00., together with such other relief the court deems just and proper.

Dated: Brooklyn, New York
       May 23, 2009

                                                ROOSEVELT SEYMOUR
                                                *Attorney of Plaintiffs*
                                                162 Montague Street, Suie 201
                                                Brooklyn, New York 11201
                                                (718) 802-0055
                                                RT-0915